JOHN M. TOWSON & another *vs.* J. H. REESE & others.

### April Term, 1873

CONTRACT—EFFECT OF NEW ON OLD CONTRACT.—The complainants entered into a contract with defendants for the erection by the latter of a hotel building by a given day, and, after that day, entered into a new contract with the defendants by which, in consideration of the delivery to them of the unfinished building " as it stands." they agreed to pay defendants the original contract price less a stipulated deduction. *Held*, that complainants could not go behind the new agreement, and claim damages for the failure of the defendants to finish the work within the time originally fixed.

SAME, SAME.—*Held*, also, that the new contract precluded the complainants from claiming damages for the quality of the materials used by defendants, and character of the workmanship, unless they had alleged in the bill, and shown by proof, that they were not aware of such defects when the new contract was entered into.

SAME, SAME.—The new contract stipulated that the complainants were "to take possession of said hotel building in its unfinished state" on that day. *Held*, that whatever formed a part of the building on that day became the property of the complainants, even to the doors, shutters, and other appurtenances ready to be put in place, although not actually hung; but that glass in boxes, and shutters, or other materials, at the railroad depot in transit, and not being used at the date of the contract, would not go with the building.

SAME, SAME.—The new contract stipulated that defendants should "in no wise claim a larger amount for the construction of the building than originally agreed," less the deduction as aforesaid; but it also provided that complainants were to pay defendants "whatever amount any extra work they have put upon said building is worth as agreed upon by the parties." *Held*, that defendants were not to charge for any changes in the original plans, whether they led to extra work or not, unless the extra work had been agreed upon by the parties.

THE CHANCELLOR:—On the 30th of December, 1867, a contract in writing was entered into by and between J. H. Needles, J. H. Reese and S. Howard, partners, under the name and style of Reese, Needles & Howard, of the one part, and J. V. Minor, J. M. Towson and H. L. Towson, partners, under the name and style of Minor, Towson & Co., by which the parties of the first part agreed to build for the parties of the second part a hotel in the town of Gallatin "after certain specifications and plans," to be completed and delivered by the 1st day of August, 1868, for the consideration of $7,000 to be paid them by the said parties of the second part. This contract was deposited for safe keeping with a merchant at Gallatin who has since removed from the state, and it has been lost or accidentally destroyed. Under this contract the parties of the first part proceeded to erect the building upon a plan drawn by one of them on a poplar board, which plan has also been lost or destroyed.

On the 4th day of August, 1868, the same parties entered into another contract in writing, which, after setting out the previous contract as above, recites that "whereas the parties of the first part have been unable and failed to complete and deliver said building to the parties of the second part as per agreement, and whereas the parties of the first part are now

desirous of delivering said building as it stands incomplete and be released from the completion of the same, but allow the parties of the second part this day to take possession of said building and complete the same, it is therefore agreed by the parties of the respective parts that the parties of the second part this day take possession of said hotel building in its unfinished state and complete the same as they choose and think proper, the parties of the second part to be allowed by the parties of the first part $974.30 for the completion of said building,'' which amount ''is to be placed to the credit of the party of the second part and deducted from the $7,000 which the parties of the first part originally agreed to put up the building for.'' It was further agreed that the building was without lien or encumbrance, and that the agreement was in no way to effect or change the original agreement except as changed by this; ''and that the parties of the first part agree that they in no wise claim a larger amount for the construction of said building than originally agreed upon, and that the parties of the second part are only required to pay for the construction of said building the aforesaid amount of $7,000, less what the parties of the second part are allowed for its completion, the amounts assumed to be paid by the parties of the second part for the parties of the first part, and the amounts already paid by the parties of the second part to the parties of the first part for work already done in said building, and that the parties of the second part pay to the parties of the first part whatever amount any extra work they have put upon said building is worth as agreed upon by the parties.''

The proof shows that the work done by the defendants on the hotel was carried on with the knowledge, and under the daily view and examination of John V. Minor and J. M. Towson, and that some material alterations were made in the original plan at the special instance of said Minor, and with notice that the change might be to some extent detrimental to the building. Such were the changes in the dining room by omitting the queen posts to support the ceiling as origi-

nally contemplated, and the carrying up flues from the second story, instead of starting them from the first story.

On the 26th of July, 1871, suit was brought in the name of the defendants against the complainants J. M. and H. L. Towson, omitting Minor who had removed from the state, in the circuit court of Davidson county, to recover the amount due for the building of said hotel, with interest and costs. The defendants seem also to have sued complainant J. M. Towson in Davidson county before a justice of the peace for $250, balance of account for building a livery stable on the land of complainant H. L. Towson in Gallatin.

This bill was filed by J. M. Towson and H. L. Towson on the 1st of March, 1872, to enjoin the prosecution of said two suits, and to transfer to this court the matters of account between the parties upon the ground of complication, and to set up a claim for damages in the erection of the hotel for work not done according to contract, and upon other grounds not material to be detailed.

The defendants have answered the bill, and not only consented that the account might be taken in this court, but expressly asked that it be done.

A large amount of testimony has been taken which goes to establish the foregoing facts, and to prove various items of debit and credit as claimed by the parties.

The main object of the bill is to claim damages for the violation by the defendants of the terms of the original contract, in the quality of the materials used in the building, the character of the workmanship, and the delay in completion of the work. It is obvious, however, that any claim which the complainants may have had for the failure to complete the work within the time originally agreed upon, is waived by the new contract of the 4th of August, 1868. By that contract, in consideration of the delivery up to them of the unfinished building "as it stands," and a credit upon the original consideration of $974.30, Minor, Towson & Co. agreed to pay such consideration, $7,000, less the said sum of $974.30, the amounts assumed to be paid by them for the

defendants, and the amounts already paid for such work. They cannot now be allowed to go behind this agreement and claim damages for the failure of the defendants to finish the work by the 1st of August, 1868.

I think it clear, also, that this new contract precludes the complainants from claiming damages for the quality of the materials used in the building, and character of the workmanship, unless they had alleged in their pleadings, and shown by proof that they were not aware of such defects when they entered into that contract, and were prevented from ascertaining the truth by the fraudulent conduct of the defendants. The law presumes that the new contract was entered into after due scrutiny upon their part, and with full knowledge of the facts. Their acceptance of the building as it then stood, upon a valuable consideration, had the same effect as an acceptance of the work when completed. Such an acceptance would not, of course, estop them to sue for a breach of the original contract. But it would raise a presumption of a waiver of defects, and. throw the burden of proof upon the party accepting that it could not have been a waiver, because the defects were unknown. In this case, the proof shows that the firm of Minor, Towson & Co. had every opportunity to watch the work as it progressed, and that they did supervise and direct it, and in some respects change it, and they have failed to make out a sufficient ground either by their pleadings or their evidence to go behind their last contract and claim damages either for the quality of the materials used, or character of the workmanship.

The proof does show that the floors and ceilings have settled in some places out of level, and that part of the workmanship in the doors and windows was not good. But the weight of the evidence is that the former defects were occasioned by the change in the plan at the instance of complainants, and the latter, it is clear, were precisely such as must have been most open to observation. The long delay, moreover, in setting up a claim to damages; and the fact that it is only set up to resist a recovery of the price of the work, throw a suspicion over the justice of the demand.

On the whole, I am of opinion that the account between the parties should be taken upon the basis of the agreement of the 4th of August, 1868, and that the complainant shall not be allowed for damages for supposed breaches of the original contract.

The clerk and master will charge the complainants with the original consideration of $7,000, less $974.30 deduction allowed by the contract. He will allow the complainants credit also for the amounts which the proof may show they assumed to pay for the defendants prior to the last contract, and the amounts already at that time paid for the work done. The complainants are also entitled to credit for any payments which may have since been made by them.

The contract of the 4th of August, 1868, expressly stipulates that the defendants should " in no wise claim a larger amount for the construction of the building than originally agreed," less the deductions as aforesaid; but it also provides that the complainants are to pay the defendants " whatever amount any extra work they have put upon said building is worth as agreed upon by the parties." By these provisions I understand that the defendants are not to charge for any changes in the original plans, whether they led to extra work or not, unless the extra work had been agreed upon by the parties. The clerk and master will only allow the defendants the value of such extra work as they may show that the complainants, or Minor, Towson & Co., or any one of them, had agreed with the defendants should be put upon said building.

The contract of the 4th of August, 1868, stipulates that the complainants are " to take possession of said hotel building in its unfinished state " on that day. Whatever formed a part of the building on that day became the property of the complainants, even to the extent of doors, shutters, windows, and other appurtenances of the building ready to be put in place, although not actually hung. But glass in boxes, or shutters, or other materials at the railroad depot, or not actually being used in the completion of the building

at the time of the contract, would not necessarily go to the complainants under its terms. These articles might constitute the subjects of another agreement, and the parties may be charged or credited therewith according to the facts.

Proper calculations of interest will be made in taking the account from the time when the several items became due and payable.

The clerk and master will report the facts in relation to the claim of $250 sued upon by defendants before a justice of the peace. Also the facts in relation to the item claimed by defendants upon the plastering, and any item of charge or discharge claimed in the pleadings, and not covered by the principles hereinbefore laid down. The reference will be made full to cover all matters of account between the parties, so as to enable the court to settle the whole case upon the report when made, until which time other matters are reserved.